Mr. James R. Spradling Director of Revenue Department of Revenue 4th Floor, Jefferson State Office Building Jefferson City, Missouri 65101
Dear Mr. Spradling:
This letter is in response to your question asking as follows:
 "When there is a change in the population of an incorporated city, town or village within the state of Missouri, either as a result of an increase shown by a special census or because another incorporated or unincorporated area is added to the incorporated city, town or village; or when a city, town or village either incorporates or gives up its charter of incorporation, should such changes in population or in the incorporated status of the city, town or village be reflected in the motor fuel tax funds distributed to said cities, towns and villages as provided in Article IV, section 30(a)1.(2) of the Missouri Constitution?"
You also state:
 "Article IV, section 30(a)1.(2) requires that fifteen percent (15%) of the remaining proceeds of the motor fuel tax collected `. . . shall be allocated to the various incorporated cities, towns and villages within the state having a population of more than two hundred according to the last preceding federal decennial census, . . . .' Some cities have had special censuses which indicate that their population has increased and the question has arisen whether or not their fuel tax collections should increase. There have also been decreases in population, abolition of cities and increases in population as a result of merger and annexation. The director needs to know whether any of these changes should be reflected in the motor fuel tax payments."
Section 30(a) of Article IV of the Missouri Constitution states in pertinent part:
 "Fifteen per cent of the remaining net proceeds shall be allocated to the various incorporated cities, towns and villages within the state having a population of more than two hundred according to the last preceding federal decennial census, solely for construction, reconstruction, maintenance, repair, policing, signing, lighting and cleaning roads and streets and for the payment of principal and interest on indebtedness incurred prior to the effective date of this section on account of road and street purposes, and the use thereof being subject to such other provisions and restrictions as provided by law. The amount apportionable to each city, town or village shall be based on the ratio that the population of the city, town or village bears to the population of all incorporated cities, towns or villages in the state having a like population, as shown by the last federal decennial census, provided that any city, town or village which had a motor fuel tax prior to the adoption of this section shall annually receive not less than an amount equal to the net revenue derived therefrom in the year 1960; and"
You will note that the section we have quoted above refers in two places to the last preceding federal decennial census.
We find no provision in this section of the Constitution or elsewhere in the Missouri Constitution for the use of a special census instead of a decennial census.
We are aware that Sections 71.160, et seq., RSMo, provide for the taking of a special census by a city. Section 71.170, RSMo, expressly provides that a census taken pursuant to such sections:
 ". . . shall be the legal census and population of such city or town, for all purposes whatsoever, under the constitution and laws of the state."
To our knowledge, this latter provision has not been construed by the Missouri courts. However, it is our view that inasmuch as the legislature does not have the authority to amend the Constitution by statute, such provision is of no effect insofar as the constitutional provisions are concerned which require that the census be by decennial census.
Therefore, we conclude that the census referred to under Section 30(a) of Article IV is the last federal decennial census and that a special census taken under the state statutes cannot be substituted for a federal decennial census.
On the other hand, it is possible where areas have been joined by reason of annexation to determine the population of such areas as of the last federal decennial census. We considered this problem in our Opinion No. 407 dated December 10, 1964, to Yocom (copy enclosed), which is self-explanatory. If the population of the areas which are joined together by reason of such annexation can be appropriately determined by the Bureau of Census in Washington, D.C., as to the number of inhabitants living within the combined areas as of the date of the last federal decennial census, such combined total population can be used for the purposes of the distribution of the 15% of the remaining proceeds of the motor fuel tax collected.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. Ltr. No. 407 12-10-64, Yocom